Michael G. Marderosian (Bar No. 077296)
Email: mick@mcc-legal.com
Heather S. Cohen (Bar No. 263093)
Email: heather@mcc-legal.com
MARDEROSIAN & COHEN
7797 N. First Street, Suite 101-5
Fresno, CA 93720
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Attorneys for: Plaintiffs TWELVE SIXTY LLC, ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DISTRICT

| | |
|---|---|
| TWELVE SIXTY LLC,<br>ROBERT J. MARDEROSIAN,<br>ARON M. MARDEROSIAN,<br><br>         Plaintiffs,<br><br>         v.<br><br>FOX ENTERTAINMENT STUDIOS, LLC;<br>FOX BROADCASTING COMPANY, LLC;<br>STUDIO RAMSAY GLOBAL;<br>ALL3MEDIA INTERNATIONAL,<br>and DOES 1 - 10, inclusive,<br><br>         Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*DEMAND FOR JURY TRIAL* |

Plaintiffs TWELVE SIXTY LLC, ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN (hereinafter collectively referred to as "Plaintiffs") allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of Plaintiffs' copyright of the musical sound recording entitled "House of the Rising Sun" (hereinafter "Sound Recording" and/or "Track") and Plaintiffs' copyright of the composition/arrangement of the separate and original introduction to the Track.

2. By way of brief background, Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN are two brothers who have worked together for almost 30 years to develop their business, Plaintiff TWELVE SIXTY LLC, which provides custom recordings and productions of original musical compositions for use in television, motion pictures, film trailers, film soundtracks, product commercials and video games. Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN are musical artists and performers, professionally known as "Heavy Young Heathens."

3. As the Heavy Young Heathens, the Plaintiffs have written and recorded music for many premiere entertainment clients including major movie studios, networks and advertisers around the world.

4. Among *the* many commercial uses of Plaintiffs' musical recordings, Plaintiffs have had their work featured in television and theatrical motion pictures such as The Simpsons, CSI, Lucifer, Big Sky, The Righteous Gemstones, Shameless, Rules Don't Apply, Masterminds, Halloween, and Supermensch, as well as prominent trailers for motion pictures including The Magnificent Seven, Deadpool, The Amazing Spider-Man 2, and The Expendables.

5. Plaintiffs' music has *also* been used in numerous commercials for Starbucks, Chrysler, Dodge, Ford, Bacardi, Adidas and Red Bull.

6. Plaintiffs arranged and produced the Sound Recording of the musical composition "House of the Rising Sun," a traditional song, but have done it in a most unique and creative way, which has created significant popularity, demand, and licensing value for the subject Sound Recording. In this regard, the Introduction to the Sound Recording was composed, arranged and produced entirely by the Plaintiffs. No other version of the song known as "House of the Rising Sun" has a similar introduction. As a result, the Sound Recording is in fact two separate songs joined together. This musical feature is material to the exploitations at issue. Further, as a result of this feature, there are two separate Copyright Certificates of Registration at issue: one for the Sound Recording and the other for the introduction which was originally composed. Both registrations are in the name of Plaintiff ARON M. MARDEROSIAN and Plaintiff ROBERT J. MARDEROSIAN as "Author." The copyright registration for the composition of the introduction identifies Plaintiff TWELVE SIXTY LLC as "Copyright Claimant". The pertinent Copyright Certificates are attached hereto as Exhibit A.

7. Recognizing Plaintiffs' popularity, talent and goodwill, and in a brazen and improper effort to capitalize on Plaintiffs' hard work, creativity and copyright ownership of their Sound Recording

of "House of the Rising Sun," including its introduction, Defendants have, without permission, authority or license, used, edited, publicized and broadcast the work numerous times domestically (within the United States) and internationally (outside of the United States), which were then televised and promoted within the United States. Defendants knew that the performances including both the domestic and the international performances would be broadcast throughout the world including within the United States and knew that these broadcasts would be distributed and made available to viewers on various platforms including, but not limited to, subscription television, streaming applications, and social media platforms without permission, authorization or proper license from Plaintiffs.

8. Defendants' conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Plaintiffs. Defendants *must* not be permitted to continue to exploit Plaintiffs' Sound Recording in order to broadcast and promote *themselves or* their products to the public without Plaintiffs' authorization. Defendants' conduct must immediately be stopped and/or enjoined and Plaintiffs must be compensated for each of Defendants' willful acts of infringement.

**JURISDICTION AND VENUE**

9. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

10. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1338 and 1367.

11. This Court has personal jurisdiction over Defendants because, among other things, Defendants FOX ENTERTAINMENT STUDIOS, LLC, FOX BROADCASTING COMPANY, LLC, STUDIO RAMSAY GLOBAL, and ALL3MEDIA INTERNATIONAL, (collectively referred to hereinafter as the "Broadcast Defendants") are all doing business in the State of California including within this judicial district by providing television/cable broadcasts and internet access to their broadcasts and programs through streaming services provided to California residents, including those who reside within this judicial district, who pay for subscription streaming services, thereby allowing California residents the ability to access, at any time, the Defendants' programing and broadcasts.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

///
///

## THE PARTIES

13. Plaintiff TWELVE SIXTY LLC ("hereinafter referred to as "TWELVE SIXTY") is, and at all times relevant hereto was, a California Limited Liability company doing business in the County of Los Angeles County, State of California.

14. Plaintiff ARON M. MARDEROSIAN is an individual who resides and works in the County of Los Angeles in the State of California.

15. Plaintiff ROBERT J. MARDEROSIAN is an individual who resides and works in the County of Los Angeles in the State of California.

16. Defendant FOX ENTERTAINMENT STUDIOS, LLC, is a limited liability company with its principal place of business located at 10201 W. Pico Boulevard, Los Angeles, CA 90064. It is a production and broadcasting entity responsible for the subject infringements and is doing business in Los Angeles, California.

17. Defendant FOX BROADCASING COMPANY, LLC is a limited liability company with its principal place of business located at 10201 W. Pico Boulevard, Los Angeles, CA 90064. It is a production and broadcasting entity responsible for the subject infringements and is doing business in Los Angeles, California.

18. Defendant STUDIO RAMSAY GLOBAL is a production and broadcasting entity responsible for the subject infringements and doing business in Los Angeles, California.

19. Defendant ALL3MEDIA INTERNATIONAL is a production and broadcasting entity responsible for the subject infringements and doing business in Los Angeles, California.

20. Defendants DOES 1-10 are production and broadcasting entities responsible for the subject infringements and doing business in Los Angeles, California.

21. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1-10, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names ("Doe Defendant"). Plaintiffs will seek leave of Court to amend this Complaint to state their true names and capacities when they have been ascertained. Plaintiffs are informed and believe and on that basis allege that the Doe Defendants are liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth.

22. On information and belief, the Defendants and each of them, were the agents, partners, employees, affiliates and/or engaged in a joint venture with each of the remaining Defendants, and were

at all times acting within the purpose of said agency and employment, and each Defendant has ratified and approved the acts of its agents.

## GENERAL ALLEGATIONS

23. Plaintiffs are the creators and owners of the Sound Recording "House of the Rising Sun." In addition, Plaintiffs own all rights and title to an introduction before the sound recording "House of the Rising Sun" as creators and owners. The infringed upon compositions at issue in this litigation are the original introduction composed and created by Plaintiffs followed by the Sound Recording.

24. Plaintiffs filed an application for copyright registration with the United States Copyright Office for the musical sound recording of the "House of the Rising Sun". They also filed a separate application for copyright registration for the composition of the introduction. True and correct copies of the registrations are attached hereto as Exhibit A.

25. In or around January 5, 2025, it came to Plaintiffs' attention that the Defendants, without any notice whatsoever to Plaintiffs, had infringed upon Plaintiffs' copyright(s) and used the Infringed Composition and Sound Recording without Plaintiffs' authorization or license for use in the promotion of the production program known as *Kitchen Nightmares* starring Gordon Ramsay. Each of the aforementioned performances were promoted, broadcast, and rebroadcast by the Defendant Broadcasters on their television channels and other media platforms within the United States without Plaintiffs' authority or license. These broadcasts included edits that were different from the actual live broadcasts.

26. At no point prior to any of these uses or broadcasts, were Plaintiffs ever contacted by the Defendants about licensing Plaintiffs' copyrighted track or composition.. In addition, once Plaintiffs discovered these unauthorized uses of their copyrights, they immediately issued a written "cease and desist" which was ignored and continued to broadcast the illegal use of plaintiffs copyrights.

27. These violations have caused and will continue to cause significant harm to the value of Plaintiffs' command for such a well known piece of their recording catalog and insults the integrity of their professional reputation. While Defendants are all profiting from the revenue generated by *Kitchen Nightmares*, Plaintiffs have been and continue to be deprived of what their creation "House of the Rising Sun" earns them per license.

28. Defendants did not have any license, authorization, permission or consent to use the Infringed Composition.

///
///

# FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 106, 501, 504)
*(Against all Defendants)*

29. Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 28, inclusive as though fully set forth herein.

30. Defendants conspired with one another and/or with their agents, subsidiaries and affiliates to wrongfully exploit Plaintiffs' Sound Recording "House of the Rising Sun" without having to fairly or properly compensate Plaintiffs for the exploitation.

31. Defendants authorized, understood, and enabled one another to exploit Plaintiffs' track without paying Plaintiffs any money for this exploitation.

32. On information and belief, Defendants have benefitted from the illegal exploitation of Plaintiffs' song which was not authorized or permitted.

33. Defendants have not paid Plaintiffs any money whatsoever for these exploitations of their song and Plaintiffs have been significantly damaged as a result of this scheme between Defendants and their co-conspirators.

34. Through their conduct alleged herein, Defendants have infringed Plaintiffs' copyright of the Infringed Composition in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

35. As a direct and proximate result of the infringement by Defendants, and each of them, Plaintiffs are entitled to damages in an amount to be proven at trial.

36. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe and, on that basis, allege that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Infringed Composition. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringement conduct.

37. Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

38. Alternatively, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) for each acts of copyright infringement.

39. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise accordingly to law.

40. The conduct of Defendants as described herein is willful, wanton, malicious, fraudulent, and oppressive such that Plaintiffs are entitled to punitive damages.

## SECOND CAUSE OF ACTION

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

*(Against all Defendants)*

41. Plaintiffs repeat, reallege, refer to, and herein incorporate by reference as if set out in full Paragraphs 1 through 40 as set forth above.

42. Defendants and each of them, were aware that they and the other Defendants were infringing the Plaintiffs' Sound Recording.

43. Defendants materially contributed to and induced Defendants' infringing activity by using Plaintiffs' work despite knowing they had not obtained a valid license to do so and by affirmatively representing that they had the right to do so.

44. By reason of Defendants use of the Plaintiffs' work without a proper license, the Broadcast Defendants promoted, broadcast and re-broadcast of Defendants unlawful use of Plaintiffs' Sound Recording.

45. Because of the Defendants' illegal use of the Plaintiffs' Sound Recording, the Plaintiffs have suffered damages in an amount to be proven at trial.

46. By reason of Defendants use of the Plaintiffs' Sound Recording without a proper license and the Defendants' broadcast and re-broadcast of the Defendant's use of Plaintiff's Sound Recording, the Defendants have obtained profits they would not have otherwise realized but for their contribution to the infringing activities described in this Complaint.

47. Pursuant to the Copyright Act, Plaintiffs are entitled to recovery of their actual damages and disgorgement of Defendants' profits attributable to their infringements of Plaintiffs' work in an amount to be proven at trial.

48. Alternatively, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) for each act of copyright infringement.

49. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise accordingly to law.

50. The conduct of Defendants as described herein is willful, wanton, malicious, fraudulent, and oppressive such that Plaintiffs are entitled to punitive damages.

51. Alternatively, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c) for each acts of copyright infringement.

52. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise accordingly to law.

53. The conduct of Defendants as described herein is willful, wanton, malicious, fraudulent, and oppressive such that Plaintiffs are entitled to punitive damages.

54. Plaintiffs repeat, reallege, refer to, and herein incorporate by reference as if set out in full Paragraphs 1 through 62 as set forth above.

55. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and resultantly

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For damages in such amount as may be found, or as otherwise permitted by law;
2. For an accounting of, and the imposition of constructive trust with respect to, Defendant's profits attributable to their infringements of Plaintiffs' copyright of the Infringed Composition;
3. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in the Infringed Composition;
4. For actual copyright infringement damages and Defendant's profits or statutory damages in an amount to be determined at trial;
5. For interest on the above-requested damages and profits at the maximum legal rate as provided by law;
6. For prejudgment interest according to law;
7. For Plaintiffs' attorneys' fees, costs, and disbursements in this action;
8. For punitive damages; and
9. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

Dated:  January 24, 2025                                    MARDEROSIAN & COHEN

                                                            */s/ Michael G. Marderosian*
                                                   By:_____
                                                            Michael G. Marderosian,
                                                            Attorneys for Plaintiffs

EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Acting United States Register of Copyrights and Director

**Registration Number**

**SR 785-194**

Effective Date of Registration:
May 31, 2010

## Title

Title of Work: House Of The Rising Sun

## Completion/Publication

Year of Completion: 2013
Date of 1st Publication: December 05, 2013
Nation of 1st Publication: United States

## Author

- Author: Robert Jacob Marderosian
  Author Created: sound recording
  Work made for hire: No
  Citizen of: United States
  Domiciled in: United States

- Author: Aron Michael Marderosian
  Author Created: sound recording
  Work made for hire: No
  Citizen of: United States
  Domiciled in: United States

## Copyright Claimant

Copyright Claimant: Robert Jacob Marderosian
P.O. Box 6470, Malibu, CA, 90264, United States

Copyright Claimant: Aron Michael Marderosian
P.O. Box 6470, Malibu, CA, 90264, United States

## Limitation of copyright claim

Material excluded from this claim: sound recording
New material included in claim: sound recording

## Rights and Permissions

Page 1 of 2

Name: Robert Jacob Marderosian
Email: heavyyoungheathens@gmail.com
Telephone: (310)457-0133
Address: P.O. Box 6470
Malibu, CA 90264 United States

**Certification**

Name: Robert Jacob Marderosian
Date: May 31, 2016

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

**SR 974-055**

**Effective Date of Registration:**
April 17, 2023
**Registration Decision Date:**
September 26, 2023

## Title

**Title of Work:** HYH House Of The Rising Sun

## Completion/Publication

**Year of Completion:** 2013
**Date of 1st Publication:** December 05, 2013
**Nation of 1st Publication:** United States

## Author

- **Author:** Robert Jacob Marderosian
  **Author Created:** sound recording, lyrics and music
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States

- **Author:** Aron Michael Marderosian
  **Author Created:** sound recording, lyrics and music
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Robert Jacob Marderosian
P.O. Box 6470, Malibu, CA, 90264, United States

**Copyright Claimant:** Aron Michael Marderosian
P.O. Box 6470, Malibu, California, 90264, United States

## Rights and Permissions

Page 1 of 2

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

**SR 910-635**

**Effective Date of Registration:**
October 05, 2021
**Registration Decision Date:**
October 28, 2021

## Title

**Title of Work:** HYH Rising Sun Intro

## Completion/Publication

**Year of Completion:** 2013
**Date of 1st Publication:** December 05, 2013
**Nation of 1st Publication:** United States

## Author

- **Author:** Robert Jacob Marderosian
  **Author Created:** sound recording, lyrics and music
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States

- **Author:** Aron Michael Marderosian
  **Author Created:** sound recording, lyrics and music
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Robert Jacob Marderosian
P.O. Box 6470, Malibu, CA, 90264, United States

**Copyright Claimant:** Aron Michael Marderosian
P.O. Box 6470, Malibu, CA, 90264, United States

## Rights and Permissions

Page 1 of 2

| | |
|---:|:---|
| **Organization Name:** | Twelvesixty, LLC. |
| **Name:** | Robert Jacob Marderosian |
| **Email:** | heavyyoungheathens@gmail.com |
| **Telephone:** | (310)457-0133 |
| **Address:** | P.O. Box 6470 |
| | Malibu, CA 90264 United States |

## Certification

| | |
|---:|:---|
| **Name:** | Robert J Marderosian |
| **Date:** | October 05, 2021 |

| | |
|---:|:---|
| **Copyright Office notes:** | Regarding authorship information: Registration made for the sound recording and musical work as a whole. |